## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| AQUETA CLARK,<br>　　　　　　Appellant, | DOCKET NUMBER<br>SF-0752-18-0530-I-2 |
| v. | |
| OFFICE OF PERSONNEL<br>　MANAGEMENT,<br>　　　　　　Agency. | DATE:  July 15, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Jennifer Isaacs, Esquire, Atlanta, Georgia, for the appellant.

Katherine Brewer, Esquire, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which sustained her removal.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to find that the appellant intended to deceive the agency for her own private material gain, we AFFIRM the initial decision.

## BACKGROUND

The essential undisputed facts as set forth by the administrative judge are as follows. The appellant was formerly employed by the agency as a Special Agent/Investigator for the National Background Investigations Bureau in Long Beach, California. *Clark v. Office of Personnel Management*, MSPB Docket No. SF-0752-18-0530-I-2, Refiled Appeal File (RAF), Tab 22, Initial Decision (ID) at 3. The appellant worked from home under a telework agreement and was "expected to work independently with little daily supervision." ID at 3-4. Her job duties included conducting background investigations in the field, obtaining records, and conducting interviews. ID at 4. Upon completion of a background investigation, she was responsible for compiling and submitting an official report of investigation (ROI). *Id.*

In or around February 2016, the appellant's former supervisor became concerned about the appellant's productivity and began requiring her to submit daily work reports accounting for the work that she performed each day. *Id.* In August 2016, the appellant's new first-level supervisor reviewed the appellant's

productivity metrics and became concerned that misconduct might be involved. ID at 5. At management's request, the agency's Integrity, Assurance, Compliance, and Inspections (IA) division opened an investigation into discrepancies between the appellant's claimed hours worked and claimed work produced. *Id.* After obtaining an affidavit from the appellant and reviewing various evidence, including the appellant's ROIs, time reports, daily work reports, Personnel Investigations Processing System activity logs, field work system (FWS) activity logs,[2] and Government-owned vehicle fuel purchase reports, the IA issued a report of investigation concluding that the appellant had not been working the hours that she claimed in her time reports. ID at 5, 7-9; RAF, Tab 18. Effective May 4, 2018, the agency removed her based on two charges of failure to work reported hours (13 specifications) and inappropriate behavior (two specifications). ID at 5.

The appellant filed a Board appeal challenging her removal and raised an affirmative defense of harmful procedural error. *Clark v. Office of Personnel Management*, MSPB Docket No. SF-0752-18-0530-I-1, Initial Appeal File (IAF), Tab 1.[3] After the appellant withdrew her request for a hearing, RAF, Tab 5, the administrative judge issued an initial decision, based on the written record, sustaining the appellant's removal. The administrative judge sustained the failure to work reported hours charge, although she found that the agency failed to prove specifications 2, 7, and 8. ID at 6-17. The administrative judge also found that the agency failed to prove its charge of inappropriate behavior because it failed to prove specification 2, the only specification before the Board because the agency's deciding official did not sustain specification 1. ID at 17-20. The

---

[2] The FWS is a system that investigators utilize as part of their daily duties to, among other things, input the findings of their investigation and transmit an ROI. *Clark v. Office of Personnel Management*, MSPB Docket No. SF-0752-18-0530-I-1, Initial Appeal File, Tab 8 at 85.

[3] The appeal was dismissed without prejudice and automatically refiled on November 13, 2018. IAF, Tab 15.

administrative judge further found that the appellant failed to prove her affirmative defense of harmful procedural error because the agency was not required to place her on a performance improvement plan pursuant to 5 U.S.C. chapter 43 when it elected to remove her pursuant to 5 U.S.C. chapter 75. ID at 21-22. Finally, the administrative judge found that there was a nexus between the penalty and the efficiency of the service and the penalty of removal was reasonable. ID at 20, 22-25.

The appellant has filed a petition for review, which the agency has opposed. Petition for Review (PFR) File, Tabs 1, 7.[4]

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The administrative judge properly found that the agency proved its charge of failure to work reported hours.</u>

In this charge, the agency alleged that on various dates from August 4, 2015, to June 2, 2016, the appellant reported that she had worked a full work-day, but a review of her ROIs reflected that she did not report any leads, meaning that she did not conduct any interviews or obtain any records, and did not access the FWS to type any ROIs. IAF, Tab 8 at 10-15, 83-94. According to the agency, given the duties and responsibilities of an investigator, the appellant could not have worked a full day without performing any of those tasks. *Id.* Therefore, it charged her with failing to work the number of hours claimed on her time sheets.

Without expressly so stating, the administrative judge evidently equated the unusually worded charge with its more conventional formulation, that is, falsification of time and attendance records, finding that it required the agency to prove the following three elements: (1) the appellant reported to the agency that she worked specified hours; (2) the appellant failed to work those hours; and

---

[4] The agency's opposition to the appellant's petition is titled "Response to Petitioner's Petition for Review and Cross Petition;" however, "Cross Petition" appears to be a typographical error to the extent the agency's pleading does not identify any error in the initial decision. PFR File, Tab 7.

(3) the appellant's misreporting of those hours was intentional. ID at 6. Neither party contests this charge construction on review.[5]

The administrative judge found that the agency proved the appellant reported working a specified number of hours, generally 8 or more hours, on each of the relevant dates, except where her time report reflected that she used sick leave or annual leave. ID at 7-9. She further found that the agency proved the appellant failed to work the hours she reported. ID at 10-12. In particular, the administrative judge found it undisputed that, on the relevant dates, the appellant did not conduct interviews, obtain records, or access the FWS to type or transmit ROIs. ID at 10. She further found that the appellant failed to adequately explain her claim that she was working diligently on the relevant dates. ID at 11. She also rejected the appellant's various explanations for the discrepancies between the appellant's time records, ROIs, and daily work reports, *i.e.*, that she had difficulty tracking down leads, had problems with the FWS, and/or that FWS records were improperly used to assess the work she performed. ID at 13-16. Finally, given the absence of any plausible explanation for these discrepancies, the administrative judge inferred that the appellant intentionally misreported the number of hours that she worked on the dates in question. ID at 15-17.

On review, the appellant argues that the administrative judge erred in sustaining this charge for several reasons. First, she contends that the charge is properly construed as a charge of falsification and that the agency failed to prove that she knowingly provided incorrect information with the intent of defrauding, deceiving, or misleading the agency as it relates to her reported work hours.[6]

---

[5] The agency argued below that its charge should not be construed as requiring proof of intent. RAF, Tab 7, Tab 14 at 1-2. The administrative judge disagreed but found that the agency had proven intent. ID at 6. Thus, the agency proved the charge under either construction. The agency raises no argument regarding the intent requirement on review, and therefore, we need not address it here.

[6] The appellant also argues that the administrative judge erred in construing the agency's charge as alleging that the appellant either did not work at all or completed only some of the work claimed on the relevant dates. PFR File, Tab 1 at 18. Such an argument is unavailing because that is precisely what the agency charged the appellant

PFR File, Tab 1 at 19-21. However, as noted above, the administrative judge did, in fact, require the agency to prove the appellant intended to falsify agency records. IAF, Tab 13 at 4; ID at 6. Moreover, we find unpersuasive the appellant's argument that the agency failed to present evidence of intent or that it only presented tangential circumstantial evidence. PFR File, Tab 1 at 21. To meet its burden of proof, the agency did not need to produce direct evidence of intent. *See Rodriguez v. Department of Homeland Security*, 108 M.S.P.R. 525, ¶ 9 (2008). Because there is rarely direct evidence of intent, the Board must rely on circumstantial evidence. *Id.* Accordingly, we discern no error in the administrative judge's finding that the agency proved intent via circumstantial evidence. *See Nelson v. U.S. Postal Service*, 79 M.S.P.R. 314, ¶ 7 (1998) (stating that the lack of any credible explanation for the misrepresentation can constitute circumstantial evidence of an intent to deceive).

Nonetheless, because, as previously noted, the administrative judge essentially characterized the agency's charge as falsification of time and attendance records, we modify the initial decision to address the additional element of such a charge, that is, whether the appellant intended to defraud the agency for her own private material gain. *See Boo v. Department of Homeland Security*, 122 M.S.P.R. 100, ¶ 12 (2014) (explaining that proof of the intent element of a falsification charge requires both a showing that the employee intended to deceive or mislead the agency and that such intent was for his own private material gain); *see also Bradley v. Veterans Administration*, 900 F.2d 233, 237 (1990) (noting that examples of private material gain include, among other things, compensation). As the administrative judge found the appellant received

with in its proposed removal. RAF, Tab 8 at 89. The appellant also contends that the administrative judge erred in citing to *Pope v. U.S. Postal Service*, 114 F.3d 1144, 1147 (Fed. Cir. 1997), regarding the agency's burden of proof for a charge of failure to work. PFR File, Tab 1 at 15. Such an argument, however, misconstrues the citation, which was properly cited for the general proposition that, in an adverse action appeal, an agency must prove that the charged misconduct occurred, there is a nexus between such conduct and the efficiency of the service, and that the penalty imposed is reasonable.

compensation for time during which she did not work, we correspondingly find the agency established this additional element as well.

Next, the appellant argues that the administrative judge, having improperly dismissed her argument that she worked on lesser matters on the dates in question, erred in finding she did not perform the duties of her position on those dates.[7] PFR File, Tab 1 at 17. She also reiterates her contention that her failure to conduct any leads or to access the FWS on the relevant dates does not render it implausible that she was, in fact, working. *Id.* at 17-18. However, as the administrative judge found, the appellant has failed to offer any details concerning the work she allegedly performed on the cited dates. ID at 11.

The appellant further reiterates other defenses to the agency's charge, including that she was not required to log in to FWS daily and that other factors, outside of her control, such as difficulty tracking down leads, affected her overall productivity. PFR File, Tab 1 at 17-18. However, the administrative judge considered and rejected such arguments, finding that the appellant's credibility was seriously undermined by the unreconciled discrepancies between her daily work reports and her ROIs, concluding that her daily work reports significantly overstated the leads she actually conducted on the dates in question. ID at 13-16.

The appellant also contends that the administrative judge erred in considering her calendar entries to determine what work she performed during the hours she reported to have been working, asserting that she was not required to fill out and retain a calendar and her calendar was not intended to justify the work

---

[7] The appellant appears to assert that the agency failed to provide certain evidence in discovery that would have established that she was working on the relevant dates. PFR File, Tab 1 at 17-18. However, the record does not reflect that she filed a motion to compel and, thus, she is precluded from raising this discovery issue for the first time on review. *See Szejner v. Office of Personnel Management*, 99 M.S.P.R. 275, ¶ 5 (2005), *aff'd*, 167 F. App'x 217 (Fed. Cir. 2006); *see also Sanderson v. Office of Personnel Management*, 72 M.S.P.R. 311, 317 (1996) (finding that the appellant was not entitled to obtain documents on review because he failed to avail himself of the Board's discovery procedures below in attempting to obtain them, including filing a motion to compel), *aff'd*, 129 F.3d 134 (Fed. Cir. 1997) (Table).

that she performed. PFR File, Tab 1 at 14-15. However, the administrative judge specifically considered the appellant's calendar entries in evaluating her general claim that she was working on other matters. ID at 11. Indeed, the appellant herself states that she submitted them to the agency in order to "supplement her testimonial evidence that she worked on the dates at issue." *Id.* at 15. Moreover, in finding the appellant failed to work the hours she reported working, the administrative judge noted she did not dispute that, on the relevant dates, she conducted no interviews, obtained no records, and never accessed the FWS, or uploaded ROIs. ID at 10. Accordingly, we discern no error in the administrative judge's analysis of the relevant evidence. *See, e.g.*, *Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987) (same). The appellant also contends that her appeal is distinguishable from other cases in which the Board has found that an appellant failed to work her reported hours, such as *Delorito v. Department of the Navy*, MSPB Docket No. DC-0752-13-0517-I-1, and *Barber v. U.S. Postal Service*, MSPB Docket No. CH-0752-10-0277-I-1. PFR File, Tab 1 at 16-17. However, such nonprecedential Board orders are not binding authority and have no precedential authority. 5 C.F.R. § 1201.117(c)(2). Furthermore, these cases are not analogous to the present appeal, as *Barber* involved a removal based on a violation of a last chance agreement and *Delorito* involved an involuntary resignation appeal.

Although the appellant disputes the administrative judge's fact findings and credibility determinations as to these various claims, PFR File, Tab 1 at 12-14, we find she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on issues of credibility, and therefore see no reason to disturb her conclusions. *Crosby*, 74 M.S.P.R. at 105-06; *Broughton*, 33 M.S.P.R. at 359. We also find that the administrative judge properly adapted the principles

for resolving credibility issues to this case where no testimony occurred. *See Donato v. Department of Defense*, 34 M.S.P.R. 385, 389 (1987) (stating that, when, as here, no hearing was held and the administrative judge's findings were based solely on the written record, the Board will give those findings only the weight warranted by the record and the strength of his conclusions).

<u>The administrative judge properly found that the penalty of removal was reasonable.</u>

When an agency proves fewer than all of its charges, the Board may mitigate the agency's selected penalty to the maximum reasonable penalty, so long as the agency has not indicated that it desires a lesser penalty to be imposed on fewer charges. *Lachance v. Devall*, 178 F.3d 1246, 1260 (Fed. Cir. 1999). Alternatively, the Board may impose the penalty selected by the agency if, after balancing the mitigating and aggravating factors, it determines that the agency has justified its penalty selection as the maximum reasonable penalty. *Gray v. U.S. Postal Service*, 97 M.S.P.R. 617, ¶ 11 (2004), *aff's per curiam*, No. 2005-3074, 2005 WL 1368093 (Fed. Cir. June 9, 2005). However, the Board may not disconnect its penalty determination from the agency's managerial will and primary discretion in disciplining employees. *Lachance*, 178 F.3d at 1258.

The Board has articulated factors to be considered in determining the propriety of a penalty, such as the nature and seriousness of the offense, the employee's past disciplinary record, the supervisor's confidence in the employee's ability to perform his assigned duties, the consistency of the penalty with the agency's table of penalties, and the consistency of the penalty with those imposed on other employees for the same or similar offenses. *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981). The Board places primary importance upon the nature and seriousness of the offense and its relation to the appellant's duties, position, and responsibilities. *See, e.g., Downey v. Department of Veterans Affairs*, 119 M.S.P.R. 302, ¶ 9 (2013).

Here, we find that the administrative judge properly weighed the *Douglas* factors, including the nature and seriousness of the offense, the fact that the misconduct was extensive and repeated, the public nature of the appellant's position, and the appellant's supervisor's loss of trust and confidence in the appellant's ability to perform her assigned duties, and concluded that the discipline was warranted for the sustained misconduct and that the agency's penalty was reasonable.  ID at 22-25.  Based on our review of the record, we discern no error in the administrative judge's conclusions.  *See, e.g.*, *Rohn v. Department of the Army*, 30 M.S.P.R. 157, 158-59 (1986) (sustaining the removal of an employee who submitted false time cards for six pay periods).  The appellant's arguments on review concerning the *Douglas* factors constitute mere disagreement with the administrative judge's findings, PFR File, Tab 1 at 22-27, and are insufficient to disturb the initial decision, *see Yang v. U.S. Postal Service*, 115 M.S.P.R. 112, ¶ 12 (2010); *see also Broughton*, 33 M.S.P.R. at 359.  Finally, although the appellant argues that other similarly situated employees were not removed for similar offenses, IAF, Tab 1 at 18; PFR File, Tab 1 at 25, she has not identified any evidence that would allow the Board to make a finding on the issue, *see, e.g.*, *Campbell v. Department of the Army*, 123 M.S.P.R. 674, ¶ 27 (2016).  Accordingly, we discern no reason to disturb the administrative judge's finding that the penalty of removal was reasonable.

## NOTICE OF APPEAL RIGHTS[8]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following

---

[8] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be underline received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[9]  The court of appeals must <u>receive</u> your

---

[9] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of

petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

_Gina K. Grippando_

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.